UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

Plaintiff,

v.

DANNY RAY VANZANDT,

Defendant.

Case No. 1:18-cr-061-DCN-1

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Before the Court is Defendant Danny Vanzandt's Motion for Compassionate Release. Dkt. 98. The Government opposes the Motion. Dkt. 101.[1]

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[2] Upon review, and for the reasons set forth below, the Court DENIES Vanzandt's Motion.

[1] Vanzandt requested additional time to respond to the Government's filing. Dkt. 104. The Court granted the request and gave Vanzandt until June 22, 2026, to reply. Dkt. 105. To date, Vanzandt has not filed anything with the Court. The Government also filed a Notice of Supplemental Authority after the conclusion of briefing. Dkt. 106.

[2] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

## II. BACKGROUND

On February 14, 2018, a federal grand jury filed an indictment against Vanzandt. Dkt. 1. The indictment alleged Vanzandt had, on two separate occasions, distributed methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). *Id.*

A superseding indictment followed on May 15, 2018, alleging additional violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) as well as conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Dkt. 27.

Vansandt eventually pleaded guilty to possession of methamphetamine with intent to deliver and possession of a firearm in furtherance of a drug trafficking crime (Dkt. 53), and a court sentenced him to 300 months imprisonment with ten years of supervised release to follow. Dkt. 72.

Vanzandt has now filed a motion for reduction under the auspice of compassionate release. Dkt. 98. In this Motion, Vanzandt claims there is a change in the guidelines he should benefit from and also cites his current age of 48 years old—to be 62 by the release date—in support of his petition for compassionate release. *Id.* at 19. He also notes his rehabilitative efforts support his request. *Id.* at 15–16. The Government opposes the Motion on all fronts. Dkt. 101.

Vanzandt is currently housed at the federal correction institution in Adelanto, California ("Victorville Medium II") and has an anticipated release date of March 3, 2040.

## III. LEGAL STANDARD

Vanzandt seeks compassionate release under the FSA, 18 U.S.C. § 3582(c)(1)(A),

which allows a court to modify a sentence under certain circumstances. To grant compassionate release, a district court must first determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[3] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *Rodriguez*, 424 F. Supp. 3d at 680.

The policy statements at U.S.S.G. § 1B1.13 state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering of abuse by an employee or contractor of the BOP; (5) any other circumstance or combination of circumstances of similar gravity; or (6) the defendant's subjection to an unusually long sentence where the defendant has already served at least ten years of the sentence. *Id.* at § 1B1.13(b). The statements also assert that, before a sentence may be reduced, the Court must find that the defendant is not a danger to the safety of any other person or to the community. *Id.* at

[3] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681 (N.D. Cal. 2019) (citing 18 U.S.C. § 994(t)) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

§ 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the BOP—not those brought by defendants individually. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). District courts were free to consult the Guideline's statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. However, under recent amendments, U.S.S.G. § 1B1.13 expressly applies to motions brought by the BOP Director and to those brought by individual defendants. U.S.S.G. § 1B1.13(a). These amendments make U.S.S.G § 1B1.13 binding. *See, e.g.*, *United States v. Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL 50908 (D. Mont. Jan. 4, 2024); *United States v. Brown*, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023).

The catch-all clause at U.S.S.G. § 1B1.13(b)(5) affords the Court significant leeway in defining precisely what qualifies as an extraordinary and compelling reason sufficient to justify release.

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

As noted, the FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Vanzandt petitioned the Warden at Victorville Medium II for release on September 16, 2025, on the same bases he now brings before the Court. Dkt. 98-2. There is nothing in the record indicating how, if at all, the Warden responded to Vanzandt's request. However, because more than 30 days have passed since Vanzandt filed his request, the Court finds he has exhausted his administrative remedies and will continue to the next stage of its inquiry.

**B. Extraordinary and Compelling Reasons**

The Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Vanzandt's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). Vanzandt bears the burden of establishing that extraordinary and compelling reasons exist to justify release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020). The Court will address each reason for release in turn.

*1. Sentencing Disparity*

First, Vanzandt points out he will have served 10 years of his sentence as of March of 2027. Dkt. 98, at 2. Vanzandt uses this to support an argument under the United States Sentencing Commission's policy statement that suggests an "unusually long sentence" *could* be considered for purposes of compassionate release if the person has served at least ten years of his sentence and there is a "gross disparity" between the sentence imposed and what the sentence would be today in light of some intervening change in law. *See* U.S.S.G. § 1B1.13(b)(6). Although, Vanzandt acknowledges that he does not currently meet the 10-

year minimum requirement, he argues the Court should disregard that requirement in his case because enforcing it would represent an ex post facto application of a law due to the passage of the First Step Act ("FSA"). Dkt. 98, at 8.

Vanzandt's argument fails because Congress did not intend the First Step Act to apply retroactively. The Supreme Court recently ruled on this very issue in *Rutherford v. United States*, finding that the language of the section of the FSA dealing with enhanced sentencing suggests only that it will apply to cases still pending upon its passage—not to cases where a court has already rendered a sentence as Vanzandt suggests. 146 S. Ct. 1320, 1330 (2026); Dkt. 98, at 7–9. The Court sentenced Vanzandt for his crimes on October 19, 2018—two months prior to the passage of the FSA. *See generally* 132 Stat. 5194 (2018); Dkt. 72. This renders his situation identical to the one looked at—and rejected—by the Supreme Court in *Rutherford*.

The Court, therefore, declines to extend the effect of the FSA beyond that intended by Congress and will not reduce Vanzandt's sentence for this reason.

*2. Age as a Factor*

Second, Vanzandt argues the Court must take action if he will "have any chance of putting away and getting ready for old age." Dkt. 98, at 19. Vanzandt is currently 48 years old and states he will be 62 when his current sentence concludes. *Id.*

Federal Guidelines allow courts to consider a reduction in sentence for age where the defendant is: (A) at least 65 years old; (B) is experiencing serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment. U.S.S.G. 1B1.13(b)(2). Vanzandt will

have served 10 years as of next year. He will not attain the age of 65 prior to the conclusion of his sentence and further claims no physical or mental deterioration.

The Court will not reduce Vanzandt's sentence for this reason.

*3. Rehabilitation*

Third and finally, Vanzandt asks the Court to consider the numerous courses he has completed while incarcerated in spite of a history of infractions committed within prison related to drugs and violence.

The Court commends Vanzandt on his efforts to better himself while being incarcerated. But these acts, standing alone, cannot justify compassionate release. The Sentencing Commission's applicable policy statement clearly outlines that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" to grant early release. U.S.S.G. § 1B1.13 cmt. n.3 (citing 28 U.S.C. § 994(t)). While courts have occasionally granted early release based upon a successful showing of rehabilitation when combined with other factors, the evidence of rehabilitation itself must rise to the level of "extraordinary and compelling."[4] Furthermore, prison officials have cited Vanzandt during his sentence for urine tests positive with both methamphetamine and suboxone as well as for fighting. This does not support an early release.

*4. 3553(a) Factors*

---

[4] For example, in *United States v. Rodriguez*, that court found the evidence submitted in support of the defendant's rehabilitation efforts was "nothing short of remarkable." 492 F. Supp. 3d 306, 311 (S.D.N.Y. 2020). The defendant submitted a collection of letters from friends, family, fellow inmates, and, most importantly, from 27-prison staff members attesting to his exemplary work ethic, kindness, and overall attitude that had remained consistent over the course of a 20-year sentence. The court there felt the overwhelming evidence the defendant provided regarding his rehabilitation, *combined with* the defendant's health risks and COVID-19 conditions, were compelling enough to grant early release. *Id.*

Finally, the Court must address the 18 U.S.C. § 3553(a) factors to the extent any are applicable and whether releasing Vanzandt early is consistent with the goals of sentencing.[5]

As noted, Vanzandt was indicted for multiple instances of distributing methamphetamine. He pled guilty to possession with the intent to distribute and possession of a firearm in furtherance of this activity. When he committed these crimes, Vanzandt already had a prior criminal history involving crimes related to drugs and flight from law enforcement.

A reduction in Vanzandt's sentence is not supported by the § 3553(a) factors, nor would it be consistent with the punitive and remedial goals of sentencing.

## V. CONCLUSION

Vanzandt properly exhausted his administrative remedies. However, the Court finds he has not presented compelling and extraordinary reasons for his release or that a reduction in his sentence would be consistent with the § 3553(a) sentencing factors.

---

[5] Under the "Factors To Be Considered in Imposing a Sentence," this statute provides the "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]":

> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a).

Accordingly, the Court DENIES Vanzandt's Motion for Compassionate Release.

## VI. ORDER

The Court **HEREBY ORDERS**:

1. Vanzandt's Motion for Compassionate Release (Dkt. 98) is **DENIED.**

DATED: September 22, 2026

David C. Nye
U.S. District Court Judge